**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| JUANA IRIS COLON SOTO *o/b/o* H.A.V.C., Petitioner, | : | |
| v. | : | Case No. 7:26-cv-230-WLS-AGH<br>28 U.S.C. § 2241 |
| Warden, IRWIN COUNTY DETENTION CENTER, *et al.*, Respondents. | : | |

**ORDER**

On August 13, 2026, Juana Iris Colon Soto filed an application for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1) on behalf of H.A.V.C. in the United States District Court for the Middle District of Georgia. The petition is signed only by Ms. Soto, who claims next friend standing due to Petitioner being "confined at the Irwin County Detention Center . . . with limited and monitored access to a law library [and] no realistic ability to draft, verify, and file a federal habeas petition[.]" Pet. 4, ECF No. 1. She identifies herself as H.A.V.C.'s mother. *Id.* Ms. Soto did not file a motion for leave to proceed as next friend. For the following reasons, leave to proceed as next friend on behalf of H.A.V.C. is denied.

Someone acting as "next friend" may file a habeas petition on behalf of a person unable to seek relief himself. *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing

signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). One prerequisite to such standing, however, is that the next friend "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)).

While Ms. Soto alleges certain adverse conditions of confinement suffered by H.A.V.C., she does not adequately explain why they would prevent H.A.V.C. from litigating this matter on his own behalf. It is not uncommon for petitioners to suffer from isolating conditions of confinement including restricted communications, but such conditions do not render petitioners unable to represent themselves. This Court, like many others across the nation, receive petitions daily from immigration detainees who are detained under circumstances like those under which H.A.V.C. is allegedly detained. In other words, immigration detainees in the same position as H.A.V.C. have been able to prosecute their own cases in this Court. Ms. Soto alleges nothing that would distinguish H.A.V.C.'s confinement from that of other detainees who are litigating their own cases. Consequently, the Court denies Ms. Soto leave to proceed as next friend on behalf of H.A.V.C.

Therefore, for this matter to proceed, the Court must receive an application for habeas relief signed by H.A.V.C. personally. Ms. Soto may provide H.A.V.C. with a habeas petition or H.A.V.C. may use the Court's standard habeas form. The Clerk is directed to provide the appropriate form for this purpose by sending a copy of the

form with this case number on it, together with a duplicate service copy of this Order, to H.A.V.C. at Irwin County Detention Center. H.A.V.C. shall have twenty-one (21) days to comply with this Order. Failure to comply may result in dismissal of this action. H.A.V.C. is directed to notify the Court in writing of any change of address while this case proceeds.

**SO ORDERED**, this 14th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE